# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 14-44 |
| ) | Hon. Nora Barry Fischer |
| JANET JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## TENTATIVE FINDINGS AND RULINGS

On July 21, 2014, Defendant pled guilty to one count of theft of government property in violation of 18 U.S.C. § 641 at Count 1 of the Indictment filed at Criminal Number 14-44.

Thereafter, the U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated November 24, 2014. (Docket No. 22). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On December 1, 2014, Defendant filed her Position with Respect to Sentencing Factors, wherein she indicated that she has no objections, additions, or corrections to the PIR. (Docket No. 24). On December 2, 2014, the Government filed its Position with Respect to Sentencing Factors, indicating that it has no objections, additions, or modifications to the PIR. (Docket No. 24). Subsequently, the Probation Office prepared an Addendum dated December 12, 2014, wherein it notes the lack of objections from the parties. (Docket No. 26).

### I. *Guidelines Calculations*

As no objections have been raised to the guidelines calculations in the PIR, the Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines.[1] The Court notes that after the Supreme Court's holding in *United States v. Booker*,

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2014. *See* U.S. Sentencing Guideline §

1

543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:

1. Pursuant to Guideline § 2B1.1 Defendant's base offense level for a violation of 18 U.S.C. § 641 is six (6).

2. Pursuant to Guideline § 2B1.1(b)(1)(D), because the evidence shows that the loss in value is greater than $30,000, a six (6) level increase is recommended.

2. Defendant's adjusted offense level is twelve (12).

3. Pursuant to Guideline § 3E1.1(a), Defendant's offense level shall be decreased by two (2) levels because Defendant has entered a guilty plea and demonstrated acceptance of responsibility for his criminal conduct.

4. Defendant's total offense level becomes ten (10).

5. Defendant has zero (0) criminal history points. Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, this results in a criminal history category of I.

## II. *Potential Sentence*

Based on the above advisory guideline calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory provision for custody*: Pursuant to 18 U.S.C. § 641, Defendant is subject to a maximum term of imprisonment of ten (10) years at Count 1 of the Indictment. Pursuant to 18 U.S.C. § 3559(a), this offense is a Class C felony.

   *Guideline provision for custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of ten (10) and a criminal history

---

1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced").

   category of I, the advisory guidelines range for imprisonment is six (6) to twelve (12) months.

2. *Statutory provision for supervised release*: Pursuant to 18 U.S.C. § 3583(b), Defendant is subject to a term of supervised release of not more than three (3) years.

   *Guideline provision for supervised release*: Pursuant to Guideline § 5D1.2(a)(2), the advisory range for a term of supervised release one (1) to three (3) years.

3. *Statutory Provision for Probation*: Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for probation of not less than one (1) year nor more than five (5) years. In addition, because this is a felony offense, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service pursuant to 18 U.S.C. § 3563(a)(2).

   *Guideline Provision for Probation*: Pursuant to Guideline § 5C1.1(c), Defendant is eligible for probation because the applicable guideline range is in Zone B of the Sentencing Table. Pursuant to guideline § 5B1.2(a)(1), since the offense level is six (6) or greater, a term of probation shall be at least one (1) but not more than five (5) years.

4. *Statutory provision for fine*: Pursuant to 18 U.S.C. § 3571(b), the maximum fine is $250,000.

   *Guideline provision for fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range is from $2,000 to $20,000.

5. *Mandatory special assessment*: Pursuant to 18 U.S.C. § 3013, a mandatory special assessment of $100 is required. The Court notes that the special

assessment has yet to be paid.

6. *Statutory Provision for Restitution:* Pursuant to 18 U.S.C. § 3663A, restitution is mandatory in this case.

*Guideline Provision for Restitution:* Pursuant to § 5E1.1, restitution shall be ordered. Based on the information before the court at this time, restitution in the amount of $58,000 remains outstanding to be paid to the Social Security Administration.

7. *Forfeiture:* Forfeiture is not an issue in this case.

### III. *Conclusion*

The Court will receive evidence including testimony and hear argument regarding these findings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently set for **January 9, 2015 at 11:30 AM.** (Docket No. 20). Pursuant to the Court's Presentence Order, any sentencing memoranda are due by **December 29, 2014**, and responses to same are due by **January 5, 2015**. (*Id.*).

*s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   December 12, 2014

cc/ecf: All counsel of record
          U.S. Probation Office