```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-44 |
| | ) | |
| JANET JOHNSON | ) | |

**<u>MEMORANDUM IN MITIGATON OF SENTENCE</u>**

AND NOW comes the defendant, JANET JOHNSON, by her attorney, W. Penn Hackney, Assistant Federal Public Defender, and respectfully presents the following Memorandum in Mitigation of Sentence:

1.   Ms. Johnson pled guilty to the theft of government property in violation of 18 U.S.C. § 641.  Her sentencing is scheduled for Friday, January 9, 2015, at 11:30 a.m.

2.   Mrs. Johnson's offense was to obtain $58,000 in Social Security benefits to which she was not entitled between 2005 and 2013.  See presentence report ¶ 5.  Ms. Johnson's offense severity score is 10 with acceptance of responsibility, and with no criminal history points, the guideline sentencing range is 6 to 12 months imprisonment, in zone B of the Sentencing Table.  See presentence report ¶s 18, 24, 44.

3.   The United States Sentencing Guidelines suggest that the minimum term of the range be satisfied by probation with a condition that substitutes home detention for imprisonment, U.S.S.G. § 5B1.1(a)(2) and presentence report 44.

4.   Ms. Johnson is 63 years old and suffers from a series of medical and mental health ailments, presentence report ¶s 32-35, for which she is currently being treated as needed.

5.   Since the sentence to be imposed must be "sufficient, but not greater than necessary" to achieve the purposes of sentencing under 18 U.S.C. § 3553(a), it is submitted that probation will adequately meet the statutory standard in this case.  Probation is permitted both by statute and Guidelines; moreover, probation for a felony conviction is a serious sentence that is "not granted out of a spirit of leniency" and is not merely "letting an offender off easily."  <u>Gall v. United States</u>, 528 U.S. 38, 48 n.4 (2007).

6.   Restitution is mandatory, and since Ms. Johnson's only income is from Supplemental Security Income ("SSI") due to her disability, see presentence report ¶ 41, undersigned counsel asks that the Court impose a payment schedule of "not more than

10%" of her income or a specific percentage, rather than "not less than 10%."

WHEREFORE, your defendant, JANET JOHNSON respectfully requested that a sentence of probation be imposed with appropriate conditions.

>                       Respectfully submitted,
>
>                       *s/ W. Penn Hackney*
>                       W. Penn Hackney, Assistant
>                       Federal Public Defender
>                       Pa. Attorney ID No. 29671